UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LUIS ALONZO CUELLAR MANZANO,<br><br>Petitioner,<br><br>v.<br><br>ORLANDO RODRIGUEZ,<br><br>Respondent. | Civil Action No. 17-11846 (JLL)<br><br>OPINION |

**LINARES**, Chief District Judge:

Presently before the Court is the petition for a writ of *habeas corpus* of Petitioner, Luis Alonzo Cuellar Manzano, filed pursuant to 28 U.S.C. § 2241. (ECF No. 1). Following an order to answer, the Government filed a response to the petition (ECF No. 4), to which Petitioner has replied (ECF No. 9). For the reasons set forth below, this Court will deny the petition without prejudice.

## I. BACKGROUND

Petitioner, Luis Alonzo Cuellar Manzano, is a native and citizen of El Salvador. (Document 1 attached to ECF No. 4 at 2). Petitioner first entered the United States some time prior to October 2006. (*Id.*). On October 19, 2006, however, Petitioner was taken into immigration custody, since he had entered the United States illegally. (*Id.*). Thereafter, Petitioner received a final removal order in November 2006, and was ultimately removed from the United States and returned to El Salvador in December 2006. (*Id.*). Apparently, Petitioner thereafter illegally returned to the United States a month later. (*Id.*).

1

Following two municipal offenses in 2012 and 2015, Petitioner came to the attention of immigration officials, who issued a reinstated order of removal against him in April 2016. (*Id.* at 3). Based on this reinstated order of removal, Petitioner was taken back into immigration custody pending his removal from the United States in May 2017. (*Id.*). While in detention in July 2017, Petitioner expressed a fear of return to El Salvador and sought withholding of removal to El Salvador. (*Id.* at 4). Following further proceedings, an immigration judge denied Petitioner's requests for withholding of removal on November 22, 2017. (*Id.*). Petitioner thereafter appealed that ruling to the Board of Immigration Appeals ("BIA") on December 6, 2017. (*Id.* at 5). It appears that the BIA dismissed Petitioner's appeal.

## II. DISCUSSION

### A. Legal Standard

Under 28 U.S.C. § 2241(c), *habeas* relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). As Petitioner is currently detained within this Court's jurisdiction, by a custodian within the Court's jurisdiction, and asserts that his continued detention violates due process, this Court has jurisdiction over his claims. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494-95, 500 (1973); *see also Zadvydas v. Davis*, 533 U.S. 678, 699 (2001).

## B. Analysis

Petitioner contends that, because of the overlong nature of his immigration detention, he should be entitled to either a bond hearing or release. In making said claim, Petitioner contends that he has been detained pursuant to 8 U.S.C. § 1226, the statute which applies to those aliens not yet subject to a final order of removal. Because Petitioner is subject to a reinstated order of removal, and because the BIA has at any rate dismissed his appeal from the denial of withholding of removal, Petitioner is instead subject to a reinstated final order of removal and has therefore been detained since May 2017 pursuant to 8 U.S.C. § 1231(a). *See, e.g., Pina v. Castille*, No. 16-4280, 2017 WL 935163, at *4-9 (D.N.J. Mar. 9, 2017) (a reinstated order of removal is final notwithstanding an alien's decision to seek withholding of removal as withholding affects only the country to which an alien may be removed and does not affect the removal order to which he is already subject);[1] *see also Reyes v. Lynch*, No. 15-442, 2015 WL 5081597, at *2 n. 4-5 (D. Colo. Aug. 28, 2015). Because Petitioner is subject to a reinstated final order of removal and is therefore detained under § 1231(a), the propriety of his detention is controlled by the Supreme Court's decision in *Zadvydas*.

---

[1] The Court is aware that the Third Circuit has yet to address the issue of whether a reinstated order of removal is a final order of removal for detention purposes, and that certain cases in this District and elsewhere have held that an alien's filing for withholding can render his order of removal non-final. *See, e.g., Guerrero v. Aviles*, No. 14-4367, 2014 WL 5502931 (D.N.J. Oct. 30, 2014). As explained by Judge McNulty in *Pina*, however, withholding proceedings – the only relief available to an alien subject to a reinstated removal order – do not affect the fact that the decision on whether the alien can be removed is administratively final but instead only has the ability to limit *where* an alien can be sent upon his removal, and likewise following the reasoning of cases such as *Guerrero* would lead to the absurd result that an alien who returns to the United States illegally after having been removed from the United States obtains greater rights (such as entitlement to a bond hearing) than he had prior to his removal and would incentivize removed aliens to return notwithstanding the illegality of doing so. *See* 2017 WL 935163 at *8; *see also Verde-Rodriguez v. Att'y Gen.*, 734 F.3d 198 (2013) (noting that courts should avoid construing immigration statutes in such a fashion as to incentivize the illegal reentry of removed aliens as it would "make a mockery of aliens who do respect our laws and wait patiently outside our borders seeking lawful admission"). This Court agrees with Judge McNulty's reasoning in *Pina* and therefore concludes that Petitioner has been held pursuant to a final order of removal since he was taken into custody under his reinstated removal order in May 2017. In any event, because it appears that the BIA has now dismissed Petitioner's appeal of the denial of withholding of removal, it is clear in this case that Petitioner is subject to a final order of removal even if this Court were to follow cases such as *Guerrero*.

3

In *Zadvydas*, the Supreme Court observed that § 1231(a) commands the Government to detain all aliens subject to administratively final orders of removal during a ninety day statutory removal period. 533 U.S. at 683. As the *Zadvydas* Court further explained, the statute does not limit post-removal order detention to this ninety day period; instead the statute permits the Government to detain aliens beyond that ninety day period so long as their detention remains "reasonably necessary" to effectuate their removal. *Id.* at 689, 699. Based on these determinations and the Court's observations regarding the ordinary length of removal proceedings, the Court in *Zadvydas* held that an alien may be detained under § 1231(a) for a period of up to six months following his final order of removal during which his continued detention must be presumed to be reasonable and therefore constitutionally permissible. *Id.* at 701.

The fact that an alien's detention exceeds this six month presumptively reasonable period, however, does not automatically entitle him to relief from immigration detention. Under *Zadvydas*, once the six month period expires, an alien seeking relief must first present the Court with "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.'" *Alexander v. Att'y Gen.*, 495 F. App'x 274, 276 (3d Cir. 2012) (quoting *Zadvydas*, 533 U.S. at 701). Where an alien meets this initial burden, the Government can establish its continued authority to detain the alien only if the Government can rebut his evidence and show that the alien's removal remains likely in the reasonably foreseeable future. *Id.*

In this matter, Petitioner was taken into immigration custody subject to a reinstated final order of removal in May 2017. Petitioner has failed to present the Court with any evidence indicating that his removal from the United States is unlikely in the foreseeable future. Indeed, the only thing that appears to have prevented to Petitioner's removal since July of last year is Petitioner's having sought withholding of removal to El Salvador. Given the fact that Petitioner

4

has previously been removed to El Salvador, and as it appears that the litigation of Petitioner's application for withholding has run its course and has not concluded in his favor, it fully appears that the Government will be able to remove Petitioner in the near future. As such, Petitioner has not met even his initial burden under *Zadvydas*, as he has not given the Court good reason to doubt that he can be removed in the reasonably foreseeable future, and he is therefore not entitled to relief from immigration detention. His petition shall therefore be denied without prejudice.

## III. CONCLUSION

For the reasons expressed above, this Court denies Petitioner's *habeas* petition without prejudice. An appropriate order follows.

JOSE L. LINARES
Chief Judge, United States District Court